## VILLANUEVA ET AL *v.* THE REGISTRAR OF PROPERTY.

APPEAL from a decision of the Registrar of Property of Arecibo.

No. 121.—Decided October 23, 1912.

SIGNING DOCUMENTS—PARTY UNABLE TO SIGN—SIGNATURE OF THIRD PERSON BY REQUEST.—In accordance with section 14 of the Notarial Act of March 8, 1906, which is a reproduction of article 53 of the Notarial Regulations of October 29, 1873, when any of the parties executing an instrument cannot sign the notary shall state that fact in the instrument and one of the witnesses shall sign for such party or parties, writing in his own hand and over his signature that he signs for himself as a witness and in the name of the party or parties who cannot sign.

ID.—PARTY UNABLE TO SIGN—SIGNATURE BY THIRD PARTY NOT WITNESS TO INSTRUMENT.—In accordance with the doctrine laid down in the preceding paragraph, an instrument signed in the name of the parties because they do not know how to sign by a person who is not one of the witnesses to the instrument lacks all legal effect, and said document bears an incurable defect which bars it from record in the registry.

The facts are stated in the opinion.

*Messrs. Manuel Paz Urdaz* and *Félix Santoni* for appellants.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

By a public deed executed in the town of Ciales on July 27, 1904, before Notary Francisco Prado Morales and witnessed by Salvador Ledesma and Ramón Montijo, a property

which, according to the description given therein, contains 6 *cuerdas* of land, was sold by Eusebia González Ríos to José Villanueva Bonilla, and in the same deed the purchaser, with the consent of his wife, Petronila Otero Miranda, acknowledged a mortgage encumbering the property in favor of Juan Montes Núñez. The deed was signed by Eusebia González and Juan Montes and by the witnesses Ledesma and Montijo, but Pedro Hernández, who is not shown to be a witness and whose residence is not given, signed for José Villanueva and Petronila Otero.

· When this instrument was presented in the Registry of Property of Arecibo for admission to record the registrar refused to record it, and stated his reasons therefor in a note, which, copied literally, reads as follows:

"Admission of this instrument to record is denied for the reasons that it appears that at their request Pedro Hernández signed it for the parties, José Villanueva Bonilla and Petronila Otero Miranda, because neither of them knew how to write. This fact renders the instrument void, because it should have been signed for them by one of the witnesses, who, after signing for himself as such witness, should have signed for these parties at their request inasmuch as they were unable to do so, as provided in article 27 of the Mortgage Law which agrees with article 53 of the Regulations for its enforcement, both of which were in force at the time the instrument was executed; and owing to this incurable defect a cautionary notice effective for 120 days is entered, in compliance with section 7 of the Act of March 1, 1902, page 129 of volume 18 of Ciales, property No. 1004, entry letter B.    Arecibo, June 7, 1912.    A Malaret, Substitute Registrar."

Said refusal of the registrar is submitted to our consideration by means of an administrative appeal taken therefrom by José Villanueva y Bonilla and Petronila Otero.

The question involved in this case has already been decided in our opinion rendered in the case of *Rodríguez* v. *The Registrar of Property of Ponce,* 14 P. R. R., 715.

In the case of *Rodríguez* v. *The Registrar of Property of Ponce* we held that as section 14 of the Notarial Law, ap-

proved March 8, 1906, providing that, should the parties to an instrument or any of them be unable to sign, the notary shall state that fact and one of the witnesses shall sign for such party or parties, said witness preceding his signature by a note in his own handwriting stating that he signs for himself and for the party or parties unable to sign, had not been complied with, the signature placed on the instrument for Ezequiel Rodríguez Justiniano by Adolfo Grana Vélez, who was not a witness to the execution of the instrument, had no legal effect, and that said document, therefore, contained an incurable defect which barred it from admission to record in the registry.

It is true that said document was executed on January 30, 1908, when the Notarial Law of March 8, 1906, was already in force, while the instrument in question in this case was executed on July 27, 1904, and therefore must be governed by the provisions of the Notarial Law and the Regulations for its enforcement of October 29, 1873, which was then in force. But section 14 of the Notarial Law of March 8, 1906, is a reproduction of the provisions contained in section 53 of the Regulations of October 29, 1873. The doctrine laid down in the case cited above is applicable to the present case and need not be modified since there is no reason therefor.

For the reasons stated the decision appealed from should be affirmed.

*Affirmed.*

Justices MacLeary, Wolf, del Toro and Aldrey concurred.